Gino P. Pietro
PIETRO & ASSOCIATES (Bar No:  129582)
1605 E. 4th Street
Santa Ana, CA  92701
(714) 542-5004
(714) 541-0815 - Fax

Attorney for Peter L. Recchia

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| PHILIP RANNIS,<br>on behalf of himself and all ,<br>others similarly situated,<br><br>                Plaintiff,<br><br>    vs.<br><br>FAIR CREDIT LAWYERS, INC.,<br>PETER L. RECCHIA, and<br>DOES 1 to 10,<br><br><br>                Defendant(s). | Case No.:  EDCV-06-373 AG(JCx)<br><br>**DEFENDANT'S OBJECTION TO THE FORM AND CONTENT OF PLAINTIFF'S ORDER  AND/OR JUDGMENT GRANTING FINALAPPROVAL OF CLASS SETTLEMENT, WHICH WAS FILED WITH THE COURT ON OCTOBER 27, 2008, DOCKET NO. 193**<br><br>NO HEARING DATE CURRENTLY SET<br><br>Place: Courtroom 10D (Santa Ana)<br>Judicial Officer: Andrew J. Guilford |

At the time of the Final fairness hearing in this action, held on October 27, 2008,

plaintiff was Ordered to submit a proposed judgment to the Court.  Defendant is herby

filing his objection to the document with the 15 days as ordered by the court. During the October 27th hearing, Defendant's counsel advised the Court of certain issues defendant desired to be included in the final judgment document.   On October 27, 2008, plaintiff filed a document with the Court titled Final Order Granting Approval of Class Settlement.  Defendant requests the following changes/modifications to be included in the final judgment.

Defendant, Peter L. Recchia, hereby OBJECTS to the form and content of plaintiff's Order Granting Final Approval of Class Settlement, which was filed with the Court on October 27, 2008, Docket No. 193.  The grounds for this OBJECTION are that:

1.    Each class member in whose favor the judgment is rendered or who are bound thereby must be identified in the Final Order pursuant to FRCP 23(c)(2).

2.    Defendant is not required to deposit $600 with the Class Administrator for each class member pursuant to the settlement agreement, requiring correction to paragraph 4 of plaintiff's Final Order.

3.    The Final Order should reflect that final judgment will not be entered until the Court rules on plaintiff's motion for attorney's fees and costs, since both liability issues and attorney's fees and cost issues are both subject to appeal, and each will be addressed in defendant's Notice of Appeal.

4.     The Final Order should reflect the particular liability issue, which defendant has a right to appeal, which is the Court's granting partial summary judgment in favor of plaintiff.

5.     The Final Order should reflect execution on judgment is ordered stayed pending final outcome of defendant's appeal, as described in the Notice to Class members.

This Objection is based upon the following Points and Authorities, which specifically describe the changes that should be made to the Final Order Granting Approval of Class Settlement.  In the Conclusion of this Objection, Defendant describes the specific changes that should be made to plaintiff's Final Order Granting Approval of Class Settlement, and where and how they should be included in the Final Order document.

## MEMORANDUM OF POINTS AND AUTHORITIES

1.     EACH CLASS MEMBER IN WHOSE FAVOR THE JUDGMENT IS RENDERED OR WHO ARE BOUND THEREBY MUST BE IDENTIFIED IN THE FINAL ORDER PURSUANT TO FRCP 23(c)(2), REQUIRING MODIFICATION OF PARAGRAPH  2 OF THE FINAL ORDER

FRCP 23(c)(2) requires that judgments in class actions brought under 23(b)(3) must "include and specify or describe" those to whom 23(c)(2) notice was directed, and who did not opt out of the class, and whom the court finds to be members of the class.

The Final Order prepared by plaintiff does not "include and specify or describe" those who did not opt out of the class, and whom the court finds to be members of the class. Paragraph 2. of plaintiff's Final Order must be modified to list each member of the class, by specifically describing [listing] those class members in the Final Order.

     2.     DEFENDANT IS NOT REQUIRED TO DEPOSIT $600 WITH THE CLASS ADMINISTRATOR FOR EACH CLASS MEMBER PURSUANT TO THE SETTLEMENT AGREEMENT, REQUIRING CORRECTION TO PARAGRAPH 4 OF PLAINTIFF'S FINAL ORDER

     Paragraph 4. of plaintiff's Final Order begins by stating: "Defendant Peter L. Recchia shall pay $600 as damages to each of the 20 members of the class, *which sum shall be deposited with the Class Administrator.*"   This portion was added by plaintiff to the Final Order, but is not part of the settlement agreement.

     A copy of the transcript of the settlement agreement is attached to the Final Order proposed by plaintiff, which was filed with the Court on October 27, 2008, Docket No. 193.   The settlement agreement states: "Defendant Peter L. Recchia agrees to pay the sum of $600 per class member."   There is no provision that Recchia "Deposit that sum with the Class Administrator."   As such, paragraph 4. of the Final Order must be modified to reflect the actual language in the settlement, and not the inaccurate language in plaintiff's Final Order.

3.     FINAL  JUDGMENT  SHOULD  NOT  BE  ENTERED  UNTIL  THE COURT  RULES  ON  PLAINTIFF'S  MOTION  FOR  ATTORNEY'S  FEES  AND COSTS,   SINCE  BOTH  LIABILITY  ISSUES  AND  ATTORNEY'S  FEES  AND COSTS  ARE  BOTH  SUBJECT  APPEAL,  AND  EACH  WILL  BE  ADDRESSED  IN DEFENDANT'S  NOTICE  OF  APPEAL

Paragraph  10,  on  page  8,  of  the  settlement  agreement  transcript,  provides: "defendant  Peter  L.  Recchia  reserves  the  right  to  appeal  liability,  attorney's  fees  and cost  issues."    This  settlement  term  specifies  the  parties  have  agreed  to  and  anticipate  an appeal  as  to  each  of  these  issues,  both  [1]  liability  and  [2]  attorney's  fees  and  costs.    As such,  a  Final  Order  should  not  be  issued  until  after  the  Court's  ruling  on  plaintiff's motion  for  attorney's  fees  and  costs  to  preclude  the  need  for  the  filing  of  multiple appeals.

"Generally,  a  party  is  entitled  to  a  single  appeal,  to  be  deferred  until  final judgment  has  been  entered,  in  which  claims  of  District  Court  error  at  any  stage  of  the litigation  may  be  ventilated."   Digital  Equp.  Corp.  vs.  Desktop  Direct,  Inc. 511  US  863, 868;  114  S.Ct.  1992,  1996  (1994).     The  purpose  of  the  "final  judgment  rule"  is  to promote  efficient  judicial  administration  and  it  avoids  the  harassment  and  cost  of  a succession  of  separate  appeals  from  various  rulings  made  during  the  course  of  the litigation.   Firestone  Tire  and  Rubber  Co.  vs.  Risjord,  449  US  368,  374,  101  S.Ct.  669, 673  (1981);  American  States  Ins.  Co.  vs.  Dastar  Corp. 318  F3d  881,  884,  (9th  Cir.  2003).

Final judgment rule promotes judicial efficiency, avoids multiplicity of litigation, and minimizes delay by forbidding piecemeal disposition of what for practical purposes is a single controversy.

Normally, attorneys fees and costs are collateral to the merits of the action and need not be resolved for the judgment in the action to be final.  However, the parties in this case have agreed that BOTH [1] liability and [2] attorney's fees and costs issues may be appealed,  so each of these issues should be included in one Final Order so they may be part of one appeal.  Additionally, if defendant prevails on appeal as to liability issues, the issue of attorney's fees and costs would be moot.  Both matters would be resolved in one appeal, without the necessity, expense and multiplicity of a second pending appeal.

For the reasons stated above regarding the "final judgment rule," the following paragraph should be added to the Final Order:

Paragraph 8 of the Final Order should be modified to include:    The Order Granting Final Approval of Class Settlement and the judgment issued shall not be entered until after the Court's ruling of plaintiff's motion for attorney's fees and costs. The amount of attorney's fees and costs ordered [if any] shall be included in the Order Granting Final Approval of Class Settlement.

4.   THE FINAL ORDER SHOULD REFLECT DEFENDANT HAS A RIGHT TO APPEAL THE COURT'S GRANTING PARTIAL SUMMARY JUDGMENT

The party's have agreed defendant may appeal liability issues.  The liability issue defendant will appeal is the Court's granting of partial summary judgment in plaintiff's favor, which held that defendant violated the 15 USC 1679 et. seq., the Credit Repair Organizations Act (CROA), and California's Unfair Business Practices Law, Business and Professions Code Section 17200.

Orders granting partial summary judgment are not final appealable orders because they do not dispose all claims.  See <u>American States. Co. vs. Dastar Corp</u>., supra, 318 F3d at 884.    To ensure defendant's Notice of Appeal is accepted by the 9th Circuit, regarding liability found against him as part of the Court's granting partial summary judgment in plaintiff's favor, the Final Order must clarify that issue.    As such,  a paragraph 9. should be added to the Final Order to include:  The liability issue that defendant may appeal is the District Court's  ruling granting partial summary judgment in favor of plaintiff, which held that defendant violated 15 USC 1679 et. seq., the Credit Repair Organizations Act (CROA), and California's Unfair Business Practices Law, Business and Professions Code Section 17200.

5.     THE   FINAL   ORDER   SHOULD   REELECT   EXECUTION   OF JUDGMENT IS STAYED PENDING FINAL OUTCOME OF DEFENDANT'S APPEAL, AS DESCRIBED IN THE NOTICE TO CLASS MEMBERS

The Notice sent to Class Members advised the members on page 2 of the Notice, [You] "will be paid $600 as your share of the class settlement if this matter is successfully resolved in favor of plaintiff Philip Rannis and the Class.  Defendant has reserved his right to appeal the decision against him in this lawsuit for violation of various statutes."  On page 3 of the notice, the Class members were advised:  "If and when plaintiff Philip Rannis and the Class obtain a favorable conclusion of this lawsuit, the Class administrator will pay $600 to each class member."  "Defendant has, however, reserved the right to appeal the decision against him in the lawsuit.  If defendant does appeal and is successful on appeal, you will receive nothing."  " If defendant appeals, it may take years to resolve this litigation."

The parties have agreed defendant may appeal liability issues.  The Class Notice, approved by the Court, provides Class Members clear notice they will receive nothing unless the matter is successfully concluded in plaintiff's and the class members' favor. The Class members were also advised, if defendant is successful with his appeal, the Class Members will receive nothing. *The class members have thus been clearly advised they may receive nothing for years, and if defendant's appeal is successful, they will*

*receive nothing at all.*   This notice is more than adequate to justify a stay on execution of the final judgment, once it is entered.

Prior to the filing of a Notice of Appeal, the District Court has the jurisdiction to modify or supersede the order being appealed to maintain the status quo of the parties. It is the Defendants intention to file a request for "Stay Pending Appeal" if this court doen not include a "Stay" in the final judgment.   See <u>Rutters Practice Guide,  9th Circuit Federal Appellate Practice,  Revision #1 2008</u>, page 6-51, Sec. 6:300.  To this end, and consistent with the intent of the party's settlement agreement and the Notice provided to Class members, following Final Approval of Class settlement and entry of judgment associated with the Final Order, the Final Order should include a paragraph 10. to read as follows:   Pending the outcome of defendant's appeal as to liability issues and any award that may be entered regarding attorney's fees and costs,  the parties shall maintain their status quo.  Plaintiff shall not execute on the judgment for damages or on any order that might be issued by the Court against defendant for payment of attorney's fees and costs.

<u>CONCLUSION</u>

In summary, the following changes and additions should be made to the Order Granting Approval of Class Settlement:

Paragraph 2. of plaintiff's Final Order **must be modified to list each member of the class, by specifically describing [listing] those class members in the Final Order.**

Paragraph 4. of the Final Order **must be modified to reflect the actual language in the settlement, and remove the phrase,** *which sum shall be deposited with the Class Administrator."*

Paragraph 8. of the Final Order should be modified to include:

**The liability issue that defendant may appeal is the District Court's ruling granting partial summary judgment in favor of plaintiff, which held that defendant violated 15 USC 1679 et. seq., the Credit Repair Organizations Act (CROA), and California's Unfair Business Practices Law, Business and Professions Code Section 17200.**

Paragraph 9. should be added to the Final order to read:   **The Order Granting Final Approval of Class Settlement and the judgment issued shall not be entered until after the Court's ruling of plaintiff's motion for attorney's fees and costs. The amount of attorney's fees and costs ordered [if any] shall be included in the Order Granting Final Approval of Class Settlement.**

Paragraph 10. should be added to the Final Order to read:

**Pending the outcome of defendant's appeal as to liability issues and any award that may be entered regarding attorney's fees and costs,  the parties shall**

**maintain their status quo.  Plaintiff shall not execute on the judgment for damages**

**or on any order that might be issued by the Court against defendant for payment**

**of attorney's fees and costs.**

Dated:  November 10, 2008                PIETRO & ASSOCIATES

_____

Gino P. Pietro
Attorney for Defendant, Peter L. Recchia

DEFENDANT'S OBJECTION TO ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT